UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

JOSE HINOJOS and
SELENA HINOJOS,
as parents and legal guardians of
J.H., a minor child,

    Plaintiffs,

vs.                                                    No. 12 CV 66 JAP/LAM

HOBBS MUNICIPAL SCHOOL DISTRICT,
T.J. PARKS, in his individual and official capacities,
JOHN NOTARO, in his individual and official capacities,
KELLY ARMIJO, in her individual and official capacities,
JANE AND JOHN DOES I-X, and
BLACK and WHITE CORPORATIONS I-X,

    Defendants.

## MEMORANDUM OPINION AND ORDER

In their SECOND AMENDED COMPLAINT (Doc. No. 13) (Second Amended Complaint), Plaintiffs Jose and Selena Hinojos (Plaintiffs), the parents and legal guardians of J.H. a minor child, assert claims on behalf of J.H. against Defendants Hobbs Municipal School District, T.J. Parks, John Notaro, Kelly Armijo, John and John Does I-X, and Black and White Corporations I-X (together, Defendants) for negligence under the New Mexico Tort Claims Act, NMSA (1978) §§ 41-4-1 et seq. (the NMTCA).

When the Second Amended Complaint was filed, Defendants had already filed DEFENDANTS' MOTION AND MEMORANDUM IN [sic] TO DISMISS (Doc. No. 9) (Motion to Dismiss) under Fed. R. Civ. P. 12(b)(6) with respect to the previous AMENDED COMPLAINT FOR TORT CLAIMS AND CONSTITUTIONAL VIOLATIONS (Doc. No. 4) (Amended Complaint).  Under their STIPULATION REGARDING PLAINTIFFS' AMENDED

COMPLAINT AND CONSTITUTIONAL CLAIMS (Doc. No. 11), Plaintiffs agreed to withdraw their Amended Complaint and the federal constitutional claims asserted in the Amended Complaint.  Since the Amended Complaint has been withdrawn and the Motion to Dismiss was directed at the Amended Complaint, the Motion to Dismiss is moot and will be denied.

After examining Plaintiffs' Second Amended Complaint, the Court finds that it lacks subject matter jurisdiction over the claims asserted in the Second Amended Complaint.  Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party," and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction "at any stage in the litigation." *1mage Software, Inc. v. Reynolds and Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006).  Because the Second Amended Complaint states only claims under state common law and the NMTCA and the Plaintiffs and Defendants are citizens of New Mexico, this Court lacks subject matter jurisdiction.  Therefore, the Court will dismiss the case without prejudice.

I.  Background

In the Second Amended Complaint, Plaintiffs outline the alleged events that form the basis for this lawsuit.  In 2010, Plaintiffs' son J.H. was a seventh grader at Highland Junior High School in Hobbs, New Mexico. (Sec. Am. Compl. ¶ 12.)  On April 24, 2010, J.H. attended his regular music class, which was conducted by a substitute teacher, Defendant Kelly Armijo. (*Id.* ¶ 13.)  Ms. Armijo allowed the students to watch a movie but failed to maintain control of the class during the movie, and students were throwing objects across the classroom.  J.H. was struck in the eye with a sharp object. (*Id.* ¶¶ 15-16.)  Unfortunately,  J.H.'s eyesight was permanently damaged.  (*Id.* ¶ 18.)

In Count I of the Second Amended Complaint, Plaintiffs assert Defendant Hobbs Municipal School District (the School District) negligently failed to protect J.H. from harassment and violence in the classroom.  In Count II, Plaintiffs assert that the School District failed to adequately train and supervise its employees to prevent the dangers associated with the lack of control of students in classrooms.  In Count III, Plaintiffs assert that the School District waived its governmental immunity from lawsuits under the NMTCA, specifically citing NMSA (1978) § 41-4-5.

Section 41-4-5 states,

> The immunity granted pursuant to Subsection A of Section 41-4-4 NMSA 1978 does not apply to liability for damages resulting from bodily injury, wrongful death or property damage caused by the negligence of public employees while acting within the scope of their duties in the operation or maintenance of any motor vehicle, aircraft or watercraft.

NMSA (1978) § 41-4-5.

Section 41-4-6 provides,

> A. The immunity granted pursuant to Subsection A of Section 41-4-4 NMSA 1978 does not apply to liability for damages resulting from bodily injury, wrongful death or property damage caused by the negligence of public employees while acting within the scope of their duties in the operation or maintenance of any building, public park, machinery, equipment or furnishings.

NMSA (1978) § 41-4-6 (A).  Based on the allegations in the Second Amended Complaint, the Court will assume that Plaintiffs intended to assert that the School District is not immune from suit under § 41-4-6.

As described in *C.H. v. Los Lunas Schools Bd. of Educ.*,

> By enacting the NMTCA, the New Mexico Legislature declared that New Mexico public policy rendered governmental entities and public employees liable only within the NMTCA's limitations and in accordance with the principles established in that act. *See* NMSA (1978) § 41–4–2(A). The NMTCA is the only remedy against a governmental entity or public employee for any tort for which the NMTCA waives immunity. *See* NMSA (1978) § 41–4–17(A).

*C.H. v. Los Lunas Schools Bd. of Educ.*, __ F. Supp. 2d __, Case No. 11–0271, 2012 WL 1109637, *6 (D. N.M. Mar. 23, 2012) (unreported decision).  In the Second Amended Complaint, Plaintiffs have stated claims only under New Mexico common law of negligence and have invoked only New Mexico statutory law, the NMTCA.

This Court's jurisdiction over cases is limited by the United States Constitution and Acts of Congress.  *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 371-72 (1978).  The relevant statutes provide that this Court has jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  And, this Court may exercise jurisdiction over ". . . all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between– (1) citizens of different States. . . ."  28 U.S.C. § 1332(a).  Under these provisions, the Court cannot exercise jurisdiction over this case.  The Second Amended Complaint states claims only under New Mexico state law and fails to state claims that "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  Nor can the Court exercise jurisdiction over this case under § 1332 because Plaintiffs and Defendants are citizens of New Mexico.  28 U.S.C. § 1332 (requiring diversity of citizenship between plaintiffs and defendants).  Since the Court does not have subject matter jurisdiction over the claims asserted in the Second Amended Complaint, the Court must *sua sponte* dismiss this case without prejudice for lack of jurisdiction.

IT IS ORDERED that

1.  DEFENDANTS' MOTION AND MEMORANDUM IN [sic] TO DISMISS (Doc. No. 9) is denied as moot; and

2. this case is dismissed without prejudice for lack of subject matter jurisdiction.

_____
SENIOR UNITED STATES DISTRICT JUDGE